UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MONTE JAE DENNE,

     Petitioner,

v.                                     Case No. 5:17cv124-MCR-CJK

JULIE JONES,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer (doc. 16), providing relevant portions of the state court record (doc. 25). Petitioner replied (doc. 20). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that petitioner is not entitled to habeas relief.

## BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2011, petitioner Monte Denne shot Bobbie Gryner in the chest with a firearm, intending to kill her. The attempted murder was premeditated. (Doc.

25, Ex. A, p. 11 (information); *see also* pp. 1-2 (arrest report)).[1]  Denne was charged in Santa Rosa County Circuit Court with attempted first degree premediated murder with a firearm and having discharged the firearm during commission of the offense. (Ex. A, p. 11).   The maximum penalty was life in prison, and the mandatory minimum was 20 years in prison.  *See* Fla. Stat. §§ 782.04(1) (murder statute), 777.04 (criminal attempt statute), 775.087 (mandatory minimum statute).

The parties conducted discovery for two years, and the case was set for trial. After jury selection, Denne and the State reached a counseled, negotiated plea agreement.   Denne entered a "best interests" no contest plea to the charge in exchange for the State recommending the mandatory minimum sentence of 20 years in prison. (Ex. A, pp. 84-87).  The trial court conducted a plea colloquy, determined Denne's plea was supported by a factual basis and was knowing and voluntary, accepted the plea and sentenced Denne to the negotiated sentence.  (Ex. C (plea hearing transcript); Ex. A, pp. 93-100 (judgment)).  Denne appealed, and appellate counsel filed an *Anders*[2] brief.  (Ex. D).  Denne did not file a *pro se* brief.  (Ex. E). On October 13, 2013, the Florida First District Court of Appeal (First DCA) affirmed

---

[1] References to exhibits are to those provided at Doc. 25.  When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom left corner of the page.

[2] *See Anders v. California*, 386 U.S. 738 (1967).

per curiam without opinion.  *Denne v. State*, 124 So. 3d 233 (Fla. 1st DCA 2013) (Table) (copy at Ex. F).

On January 6, 2015, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which later he amended.  (Ex. G, pp. 1-12 (original motion), 23-84 (amended motion)).  The state circuit court granted a limited evidentiary hearing and appointed postconviction counsel.  (*Id*., pp. 98-99). After hearing, the circuit court denied postconviction relief by written order.  (Ex. I, pp. 1-86 (evidentiary hearing transcript); Ex. J (order)).  The First DCA affirmed per curiam without opinion.  *Denne v. State*, 225 So. 3d 802 (Fla. 1st DCA 2017) (Table) (copy at Ex. N).  The mandate issued May 9, 2017.  (Ex. N).

Denne filed his federal habeas petition on April 24, 2017.  (Doc. 1).  Denne claims his plea was invalid because: (1) counsel was ineffective by failing to advise him of the rights he was waiving by entering the plea and by affirmatively mis-advising him he could withdraw his plea at a later date, ask for a reduction of sentence at a later date, and directly appeal from the judgment; and (2) he did not understand the rights he was waiving by entering his plea because he did not read the plea agreement, counsel did not explain it, and the trial judge's plea colloquy did not comply with the requirements of Florida Rule of Criminal Procedure 3.172. (Doc. 1, pp. 4-5).  Respondent asserts that although Denne satisfied the exhaustion

requirement concerning counsel's alleged ineffectiveness, he procedurally defaulted the remaining freestanding challenge to his plea. (Doc. 16).

## SECTION 2254 STANDARD OF REVIEW

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's factual determinations are presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3]  Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *See Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.  *See*

*Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *See*

*Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). The Supreme Court described the "unreasonable application" standard this way:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86 (2011)). The § 2254(d) standard "is difficult to meet . . . because it was meant to be." *Richter*, 562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively

unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, 576 U.S. —, —, 135 S. Ct. 2269, 2277 (2015) (quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

## DISCUSSION

### Denne's First Sub-Claim: Ineffective Assistance of Counsel

Denne claims his plea was involuntary because counsel misadvised him that he "could withdraw his plea at a later date, ask for a reduction of sentence at a later date, and appeal the plea. . . ." (Doc. 1, p. 5). Denne also contends counsel "never went over any of the rights defendant would be giving up, or any other content of the written plea agreement." (*Id*.). The parties agree that Denne presented this claim to the state courts as Ground Three of his amended Rule 3.850 motion; that the state circuit court denied relief on the merits; and that the First DCA summarily affirmed

without explanation.  (Doc. 1, pp. 5-6; Doc. 16, pp. 12, 16-21).  The First DCA's summary affirmance is an "adjudication on the merits" entitled to deference under 28 U.S.C. § 2254(d).  *See Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary); *id*. at 100 ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

A. Clearly Established Federal Law

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims that counsel was ineffective during the plea process.  *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (applying *Strickland*'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).  The petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

"Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The burden to overcome that presumption and to show that counsel's performance was deficient "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22-23 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) ("To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." (quotation marks and alterations omitted)).

*Strickland*'s prejudice prong requires a defendant to establish a "reasonable probability" of a different result. *See Strickland*, 466 U.S. at 694. A reasonable probability is one that sufficiently undermines confidence in the outcome. *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *See Strickland*, 466 U.S. at 698. "Surmounting

*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* (citations omitted).

B. Section 2254 Review of State Court's Decision

The state circuit court held an evidentiary hearing on this claim and denied relief by written order. The order correctly identified *Strickland* as the controlling legal standard (Ex. J, pp. 250-51), and rejected the claim for these reasons:

<u>Ground Three</u>

> The Defendant claims that his plea was involuntary due to affirmative misadvice from counsel that Defendant could withdraw the plea at a later date, that he could request for [sic] a reduction of sentence at a later date, and that he had a right to appeal. Incorrect information from a defendant's attorney can demonstrate that a defendant's plea was not voluntarily and knowingly entered. <u>See</u> <u>State v. Yeomans</u>, 172 So. 3d 1006 (Fla. 1st DCA 2015). Thus, the Court held an evidentiary

hearing as to this claim. However, the Court finds that Defendant did not show counsel provided any misadvice to the defendant regarding the plea.

Defendant's counsel did advise the defendant that he had the right to appeal, but this was not an incorrect statement of the law. Although the grounds are limited, a Defendant can file a notice of appeal following a guilty or nolo contendere plea. See Fla. R. App. P. 9.140(b)(2)(A). The Court finds that the discussion of whether to appeal in this case was very brief and counsel's advice in this regard was not deficient.

The Defendant has not shown that [defense counsel] Russell incorrectly advised that a sentence reduction pursuant to rule 3.800(c) was a valid possibility in his case.FN2 The Court finds Russell's testimony that he did not discuss, and would not have discussed, sentence modification credible.

> FN2 The Court notes that a defendant cannot circumvent his plea agreement by filing a motion to mitigate sentence. In other words, a defendant cannot accept the benefit of a plea bargain without accepting its burden. See State v. Gutierrez, 10 So. 3d 158 (Fla. 3d DCA 2009).

Furthermore, the Court finds that these two issues (right to appeal and motion for sentence modification) had no actual bearing on the Defendant's decision to plead nolo contendere. The Defendant himself testified that he had hoped to withdraw his plea and proceed to trial at [a] later date. The Defendant did not prove that he entered his plea due to an expectation of being afforded relief in the appellate court or a reduction in sentence.

The Court finds that Russell did not induce the Defendant into entering his plea of nolo contendere by advising that the Defendant could withdraw his plea if he chose to do so. The Defendant's testimony indicating the contrary is not credible. It is most likely that there was no discussion of the possibility of the Defendant withdrawing

his plea at all.  The Court finds Russell's testimony credible that he did not promise the Defendant he could withdraw the plea if Defendant wished to do so.

Moreover, the Defendant's written agreement, signed by the Defendant, states that "I understand that there will not be a further trial of any kind and I waive or give up my right to a trial."  Attachment 2.  Therefore the Defendant cannot now claim that he entered his plea with the expectation that he would later be allowed to proceed to trial after he stated under oath that [he] read and signed the written plea agreement and understood the rights he was giving up.  Attachment 3.

(Ex. J, pp. 254-56).  With regard to counsel's discussion of the constitutional rights Denne was waiving by entering the plea, the state court found: "[T]he Defendant testified at the evidentiary hearing that he told his own attorney that he read the plea agreement."  (*Id*., p. 254).  In closing, the court concluded: "The Defendant has not shown that his plea was involuntary or that he was denied his Sixth Amendment right to the effective assistance of counsel during the plea process."  (*Id*., p. 256).  The First DCA affirmed without explanation.  (Ex. N).

Where, as here, there has been one reasoned state judgment rejecting a federal claim followed by a later unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption, described by the Supreme Court as follows: "[T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning."  *Wilson v.*

*Sellers*, — U.S. —, 138 S. Ct. 1188, 1192 (2018).  In reviewing the state court's

reasoning, this court defers to the state court's factual determinations, including its

credibility determinations:

> Determining the credibility of witnesses is the province and function of
> the state courts, not a federal court engaging in habeas review.  Federal
> habeas courts have "no license to redetermine credibility of witnesses
> whose demeanor has been observed by the state trial court, but not by
> them." *Marshall v. Lonberger*, 459 U.S. 422, 103 S. Ct. 843, 851, 74
> L. Ed. 2d 646 (1983).  We consider questions about the credibility and
> demeanor of a witness to be questions of fact.  *See Freund v.
> Butterworth*, 165 F.3d 839, 862 (11th Cir. 1999) (en banc).  And the
> AEDPA affords a presumption of correctness to a factual determination
> made by a state court; the habeas petitioner has the burden of
> overcoming the presumption of correctness by clear and convincing
> evidence.  28 U.S.C. § 2254(e).

*Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011).

The state court's factual findings are amply supported by the record and are

presumed correct.  Denne has not overcome the presumption of correctness by clear

and convincing evidence.  Based on the state court's findings and the record below,

fairminded jurists can concur in the conclusion that counsel did not mis-advise

Denne, counsel reasonably relied on Denne's affirmation (*see* Ex. I, pp. 38-39, 67,

80-81) that he read the plea agreement and was therefore aware of the rights he was

waiving, and, accordingly, Denne failed to carry his burden under *Strickland*.  Denne

is not entitled to federal habeas relief.

<u>Denne's Second Sub-Claim:  Freestanding Challenge to Plea</u>

The second aspect of Denne's claim is that he did not understand the constitutional rights he was waiving by entering his plea because he did not read the plea agreement and the trial court failed to follow the mandatory procedures provided in Fla. R. Crim. P. 3.172.  (Doc. 1).  Denne asserts he exhausted this issue by presenting it in Ground One of his amended Rule 3.850 motion.  (Doc. 1, p. 5; Doc. 20, p. 3).   Respondent contends Denne procedurally defaulted this claim because he did not raise it on direct appeal or in his postconviction proceeding, and is now procedurally barred from doing so.  (Doc. 16, pp. 12-14, 22-24).

Although Ground One of Denne's amended Rule 3.850 motion was labeled ineffective assistance of counsel based on counsel's "not preparing a defense and allowing him to enter an involuntary plea that was a product of fear, misrepresentation, and intimidation", (Ex. G, p. 36), Denne's supporting argument also maintained that the trial court's plea colloquy failed to comply with Rule 3.172, because the court failed to inquire whether he understood he was giving up certain constitutional rights.  (*Id*., pp. 39-42).  The state circuit court addressed Denne's contention as part of its analysis of Ground One, stating, in relevant part:

> As for the Defendant's claim that he did not actually read the written plea agreement, and thus his plea was involuntary, the Defendant is not entitled to post-conviction relief based on this

allegation.  As the Fourth District Court of Appeal has explained, "[a] plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case.  What is said and done at a plea conference carries consequences."  <u>Schelle v. State</u>, 953 So. 2d 782, 785 (Fla. 4th DCA 2007).

The Defendant, under oath, stated to the Court that he had read and signed the plea agreement.  <u>Attachment 3</u>, at 3; <u>see</u> <u>Hen Lin Lu v. State</u>, 683 So. 2d 1110, 1112 (Fla. 4th DCA 1996) (judges are not precluded from using preprinted rights forms as a part of a plea colloquy as long as the colloquy reflects that a defendant has intelligently understood the written information contained within them).

The Defendant cannot go behind his sworn assertions in a plea colloquy.  <u>Ezer v. State</u>, 10 So. 3d 1775 (Fla. 4th DCA 2009).  "[A] defendant should be estopped to receive an evidentiary hearing on a postconviction claim when the basis of the claim is that he lied under oath at the relevant hearing."  <u>Polk v. State</u>, 56 So. 3d 804, 808 (Fla. 2d DCA 2011).  Furthermore, the Defendant testified at the evidentiary hearing that he told his own attorney that he read the plea agreement.

(Ex. J, pp. 253-54).

To the extent petitioner challenges his plea because the colloquy did not comply with Fla. R. Crim. P. 3.172, he fails to state a basis for federal habeas relief because such relief is available to correct only constitutional injury.  *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States." (internal quotations and citations omitted));

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). "The writ of habeas corpus was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983))).

To the extent Denne claims his plea was involuntary because he did not know, and the trial court failed to explain, the rights he was waiving by entering his plea, his claim is judged by the federal due process standard. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969) ("The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards.").

A.    Clearly Established Federal Law

"A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (*citing Boykin*, 395 U.S. at 243-44).  Due process requires, among other things, "that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (alterations in original) (*quoting Brady v. United States*, 397 U.S. 742, 748 (1970)).  The Supreme Court explained in *Boykin*:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.  Second, is the right to trial by jury.  Third, is the right to confront one's accusers.  We cannot presume a waiver of these three important federal rights from a silent record.

395 U.S. at 243 (citations omitted).

"[D]ispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977).  Recognizing that a prisoner often "has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea", courts accord great deference to a defendant's statements during a plea

colloquy and are reluctant to allow a defendant to go behind his own sworn testimony. *Id.*

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity.   The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (citations omitted).  "The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place."  *Premo v. Moore*, 562 U.S. 115, 132 (2011).

B.    Section 2254 Review of State Court's Decision

To satisfy the federal standard, the record must affirmatively show that Denne "intelligently and understandingly" waived his constitutional rights, *Boykin* at 242-43; in other words, that he had "a full understanding of what the plea connotes and of its consequence." *Id.* at 244.  As the state court reasonably determined, the record affirmatively shows Denne understood his constitutional rights and intelligently and understandingly waived them.  Denne signed the written plea agreement after acknowledging:  "I have read and understand the contents of this document, and if

represented by an attorney, . . . I have discussed with my attorney all of the ramifications or consequences of entering a plea of guilty or nolo contendere to these charges. . . . I am satisfied with the attorney's advice and services. . . ." (Ex. A, p. 87). Paragraph 2 of the plea agreement itemized the constitutional rights petitioner was waiving by entering his plea, including the right to plead not guilty, the right to a jury trial, the right to be represented by an attorney at trial, the right to be present when witnesses testified, the right to cross-examine witnesses who testified against him, the right to present any and all defenses he may have, the right to compel witnesses to come to a trial, the right to remain silent and not incriminate himself, and the right to appeal all matters including the issue of guilt or innocence. (*Id.*, p. 85). The entirety of Paragraph 2 was emphasized in bold and introduced by these words, all capitalized and bolded: "**I UNDERSTAND THAT I AM WAIVING OR GIVING UP THE FOLLOWING RIGHTS**". (*Id.*).

At the plea hearing, Denne affirmed under oath that he read and signed the plea agreement, that he understood the rights explained on the plea form, and that he understood he was giving up the rights explained on the form. (Ex. C, p. 3). At the subsequent Rule 3.850 evidentiary hearing, defense counsel Russell testified that it was his standard practice to require clients to read the entire plea form and make

sure they understood what they were signing.  (Ex. I, pp. 38-39).  Russell recalled

discussing the plea form with Denne:

> Q [Mr. Brost, for the State]:  And did Mr. Denne ask you any questions
> or appear to you that he didn't understand what was going on with the
> plea form that the was signing?
>
> A [Mr. Russell]:  No.  He – he acted like he read it and understood it
> and – and as – as I always do, you know, I would say, Do you have any
> questions?  You know, anything you don't understand, . . . because the
> judge is going to ask you: Do you understand what you're doing,
> anybody making you do this?  I would have told him . . . what kind of
> questions to expect from the judge from a plea colloquy, and he didn't
> indicate that he was confused or didn't understand or –

(Ex. I, pp. 48-49).

The state court's conclusion that Denne failed to show his no contest plea was

unknowingly made was not contrary to, and did not involve an unreasonable

application of, clearly established federal law. Nor was the state court's conclusion

based on an unreasonable determination of the facts in light of the evidence in the

record.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Petitioner is not entitled to federal habeas

relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."  If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the

requisite showing.  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a).  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment in *State of Florida v. Monte Jae Denne*, Santa Rosa County Circuit Court Case No. 2011-CF-522, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of December, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.